UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:19-CV-00120-LLK

**ANTHONY W. HUNTER**                                                                                                      **PLAINTIFF**

**v.**

**ANDREW SAUL, Commissioner of Social Security**                                          **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying his claim for social security disability benefits.  The fact and law summaries of Plaintiff and Defendant are at Dockets Number ("DN") 15 and 20.  The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals.  [DN 10].

Because the Administrative Law Judge's ("ALJ's") decision is supported by substantial evidence and Plaintiff's four arguments are unpersuasive, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

### Background facts and procedural history

In 2016, Plaintiff filed a prior complaint seeking judicial review; the parties filed a joint motion for a remand to the Commissioner for a new decision; and the Court granted the motion and entered judgment in favor of Plaintiff.  *Hunter v. Comm'r of Soc. Sec.*, No. 1:16-CV-00071-HBB.

Following remand, the Appeals Council entered an order requiring the ALJ, among other things, to clarify the nature of Plaintiff's inability to interact with others on the job and his need for supervision and support:

> The [prior ALJ] decision does not contain an adequate evaluation of the opinion evidence form state agency psychologist, Douglas Robbins, Ph.D. [Administrative Record ("AR") at 181]. Dr. Robbins opined the claimant should have infrequent and casual interactions with coworkers, supervisors and the public, and that the claimant's supervisory environment should be of a

> supportive nature. Dr. Robbins also opined that changes should be introduced gradually in the workplace. [AR at 182]. The [ALJ] gave great weight to Dr. Robbins' opinion. However, it is unclear how the restrictions Dr. Robbins opined were accommodated in the residual functional capacity [RFC], which limited the claimant to occasional contact with supervisors, coworkers and the public and few, if any, workplace changes. In particular, the [RFC] did not include a limitation as to the depth of interactions (casual), any restriction as to what type of supervision should be offered or limit how changes were to be introduced. Therefore, further evaluation is warranted.

[AR at 1243].

By way of compliance with the above order, the ALJ found that Plaintiff has the following mental RFC relative to his inability to interact with others on the job and need for supervision and support:

> [T]he claimant has the ability to perform simple, routine tasks; sustain concentration and attention over two-hour periods for such tasks; with occasional superficial interaction with coworkers and supervisors with supportive type of supervision; little or no change in the work routine, with changes gradually introduced; no close tandem work with others and avoid exposure to the general public.

[AR at 1150].

At the administrative hearing, the vocational expert (VE) testified that an individual who is limited to light work and who has the above mental RFC would be able to perform a significant number of jobs in the national economy such as inspector/sorter, assembler, and hand worker/ packer. [AR at 1206-08].

In his written decision, the ALJ accepted the VE's testimony and concluded that Plaintiff is not disabled because, although he can no longer perform his past relevant work, he can perform other work. [AR at 1155-56].

The ALJ's decision became the Commissioner's final decision, presently before this Court, when the Appeals Council declined to assume jurisdiction. [AR at 1124].

**The ALJ's mental RFC findings adequately addressed the Appeal Council's initial concerns.**

First, Plaintiff argues that the ALJ's mental RFC findings did not adequately address the Appeal Council's initial concerns. [DN 15 at 3-4].

The argument is unpersuasive for three reasons. First, the argument is not cognizable on judicial review. Although the "Sixth Circuit has not addressed the issue, … the overwhelming majority of courts

in this circuit ... have determined that federal courts lack jurisdiction to consider whether an administrative law judge complied with the Appeals Council's instructions on remand." *Hubbard v. Comm'r*, No. CV 18-11758, 2019 WL 4866733, at *3 (E.D. Mich. June 10, 2019) (report adopted) (collecting authorities). Second, in declining to assume jurisdiction, the Appeals Council implicitly found that the ALJ's mental RFC findings adequately addressed its initial concerns. Third, as reflected in the above procedural history, the ALJ's mental RFC findings **did** adequately address the Appeal Council's initial concerns.

### The ALJ's mental RFC findings were sufficiently specific for consideration by the VE.

Second, Plaintiff argues that the "limitation to supportive type supervision is not sufficiently specific for consideration by the [VE]," who was "left to his interpretation of what is meant by the limitation." [DN 15 at 3]. "Taken to extreme, supportive supervision could mean a sheltered work environment." *Id.* at 4.

The argument is unpersuasive for two reasons. First,, "[t]he Sixth Circuit, along with other courts across the country, have generally recognized that a claimant's failure to object to testimony offered by a vocational expert, at the time of the administrative proceeding, waives the claimant's right to raise such issues in the district court." *Cockrell v. Comm'r*, No. 2:18-CV-1124, 2020 WL 633311, at *5 (S.D. Ohio Feb. 11, 2020) (collecting authorities). As the Appeals Council noted, "the [VE] testimony at the hearing makes no indication that this limitation would be particularly problematic, and is able to name jobs that exist in significant numbers that the claimant could perform" [AR at 1125], and Plaintiff did not object. Second, while Plaintiff accuses the ALJ's question to the VE of lacking specificity, Plaintiff's argument also lacks specificity. A VE's testimony in response to a hypothetical question serves as substantial evidence in support of a conclusion that a claimant can perform a significant number of jobs in the national economy if the question "accurately portrays" the physical and mental limitations the ALJ found to be credible. *Ealy v. Comm'r*, 594 F.3d 504, 516 (6th Cir. 2010). "In failing to direct this Court's attention to the mental

3

limitations the ALJ allegedly disregarded, or in what manner the hypothetical did not accurately portray Plaintiff's mental status, Plaintiff's argument lacks the specificity required by this Court on appeal." *Adams v. Comm'r*, No. CIV.A. 10-219-DLB, 2011 WL 1376486, at *7 (E.D. Ky. Apr. 12, 2011) (citing *Hollon ex rel. Hollon v. Comm'r*, 447 F.3d 477, 491 (6th Cir. 2006)). In other words, Plaintiff's argument lacks specificity because he fails to identify any evidence that he has a need for supportive supervision that would preclude performance the jobs identified by the VE. Contrary to Plaintiff's suggestion, taken to extreme, the VE could **not** have understood supportive supervision to mean a sheltered work environment because, if the VE had understood that, the VE would not have identified a significant number of **non-sheltered** jobs in the national economy Plaintiff can perform.

**The ALJ did not err in failing to consider a closed period of disability.**

Third, Plaintiff argues that the ALJ erred in failing consider a closed period of disability. [DN 15 at 4-6].

The argument is unpersuasive for five reasons. First, just because the ALJ did not explicitly address the possibility of a closed period of disability in his written decision, Plaintiff has not shown that the ALJ did **not** consider (but ultimately rejected) that possibility. Second, Plaintiff, through counsel, did not request consideration for a closed period of disability. Third, as the Appeals Council noted, "the reports from the consultative examinations and the State agency medical consultants, who have assessed the record throughout the period at issue, make no indication that the claimant was disabled for any relevant period." [AR at 1124]. Fourth, Plaintiff identifies no evidentiary basis for finding a closed period of disability and does not allege a start or end date. Fifth, Plaintiff identifies no evidence that his physical impairments improved. "Disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C.A. § 423(d)(1)(A). "In order to find a closed period of disability, the [ALJ] must find that at some

point in the past, [Plaintiff] was disabled and that, at some later point in the past, he improved to the point of no longer being disabled." *Murr v. Comm'r*, No. 3:18-CV-459-DCP, 2020 WL 1452942, at *4 (E.D. Tenn. Mar. 25, 2020). Plaintiff alleged disability due to degenerative disc disease with mild herniation at C4-5 and degenerative osteoarthritis. [AR at 1148]. He identifies no evidence that these impairments improved. While Plaintiff notes that an April 2011 cervical MRI characterized his central canal stenosis as "moderate" and a July 2014 cervical MRI characterized it as "mild" [DN 15 at 4-5], there was no significant difference. Stedman's Medical Dictionary defines central canal stenosis as a narrowing of the central canal of the spine. The 2011 MRI showed an AP (anteroposterior) canal diameter of approximately 10 mm, and the 2014 MRI showed an AP canal diameter of approximately 9 mm. [AR at 656, 947].

**Dr. Hume's opinions do not support a finding of a closed period of disability.**

Fourth, Plaintiff argues that the opinions of his treating physician, Timothy Hume, M.D., support a finding of a closed period of disability. [DN 15 at 4-6].

In January 2011 and in June 2011, Dr. Hume opined that "I feel that [Plaintiff] is unable to perform gainful employment" due to problems with his back, arms, and legs. [AR at 641, 667]. The ALJ discounted these opinions because they were "on an issue reserved for the undersigned as an agent for the Commissioner." [AR at 1151]; *see* 20 C.F.R. § 404.1527(d)(1) ("A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled.").

In July 2012 and February 2018, Dr. Hume completed physical RFC forms in a manner that, if accepted, would preclude even sedentary work (Exhibits 23F and 84F). [AR at 780-81, 2287-90]. The ALJ found that the disabling manipulative and standing/walking limitations assigned by Dr. Hume were entitled to "little weight" because they were "[in]consistent with the medical record[s]." [AR at 1151].[1]

---

[1] Plaintiff did not argue that the ALJ's finding of lack of disability through the May 23, 2018 decision date was not supported by substantial evidence because the ALJ erred in weighing Dr. Hume's medical opinions. That argument is waived. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones.").

The argument is unpersuasive for two reasons. First, as stated above, in connection with the prior argument, there is no evidence that Plaintiff's physical impairments improved. Second, as the Appeals Council found, "the [ALJ] thoroughly discussed these opinions [Exhibits 23F and 84F], describing the objective findings and observations that contradict Dr. Hume's assessments." [AR at 1124 referencing AR at 1151-53].

## Order

Because the Administrative Law Judge's ("ALJ's") decision is supported by substantial evidence and Plaintiff's four arguments are unpersuasive, the Court hereby AFFIRMS the Commissioner's final decision and DISMISSES Plaintiff's complaint.

May 19, 2020

Lanny King, Magistrate Judge
United States District Court